# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| SVETLANA GRIGOROVICH,<br><br>                                    Petitioner,<br><br>   v.<br><br>PATRICK DIVVER, *et al.*,<br><br>                                    Respondents. | Case No. 26-cv-01572-BAS-MSB<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 5)** |
|---|---|

Petitioner Svetlana Grigorovich filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming she was improperly detained without bond pending adjudication of her immigration proceedings and that she has been subject to prolonged and excessive immigration detention. (ECF No. 1.)  She requests that she be given a bond hearing. (*Id*.)  She simultaneously filed a Motion for a Temporary Restraining Order. (ECF No. 5.)  The Government responded arguing: (1) 8 U.S.C. § 1252(g) strips this Court of jurisdiction; (2) Petitioner is ineligible for bond and subject to mandatory detention as an "applicant for

- 1 -

26cv1572

admission" under 8 U.S.C. § 1225(b)(2); and (3) Petitioner's detention has not been arbitrarily or unreasonably prolonged. (ECF No. 7.) For the reasons stated below, the Court **DENIES** the Petition.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II.    STATEMENT OF FACTS

The Department of Homeland Security ("DHS") arrested Petitioner, a citizen of Russia, at the international border on May 7, 2025. (ECF No. 1.) On January 26, 2026, an Immigration Judge denied Petitioner's application for asylum and ordered her removed. (ECF No. 7.) She has appealed this decision to the Board of Immigration Appeals. (*Id.*)

## III.    ANALYSIS

### A.    Jurisdiction

The Government argues that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to proceed. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions:

26cv1572

commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against her, nor is she raising an issue with respect to the execution of removal. Her detention pursuant to 8 U.S.C. § 1225(b)(2) may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

**B.      Mandatory Detention Pursuant to Section 1225(b)(2)**

Section 1225(b)(2)(A) applies to an applicant "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Such an applicant seeking admission to the United States at the border is subject to mandatory detention. *Id.* Petitioner was arrested at the border seeking admission to the United States and thus is subject to mandatory detention.

**C.      Prolonged Detention**

Petitioner argues her detention has been arbitrarily and unreasonably prolonged. She was arrested on May 7, 2025, so she has been detained a little over ten months. There is no evidence presented that the Government has been causing or unreasonably delaying her immigration proceedings. In fact, Petitioner's merits hearing was already held on January 26, 2026. (ECF No. 7.) Adopting the factors listed in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), the Court finds Petitioner's detention at this point has not been unreasonably or arbitrarily prolonged.

26cv1572

## IV.   CONCLUSION

For the reasons stated above, Petitioner Svetlana Grigorovich's Petition for Writ of Habeas Corpus is **DENIED**.  (ECF No. 1.)  In addition, the Court **DENIES** the Motion for a Temporary Restraining Order.  (ECF No. 5.)  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1572